PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Bashir Yasin Mohamud__        Docket No. __3:10-00260-19__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Burton Putman__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Bashir Yasin Mohamud__ who was placed under pretrial release supervision by the __Honorable John S. Bryant__ sitting in the Court at __Nashville, Tennessee__, on __June 15, 2012__, under the following conditions: Please reference the attached Order Setting Conditions of Release

Respectfully presenting petition for action of Court and for cause as follows:
Please reference pages two and three of this document

I declare under penalty of perjury that the foregoing is true and correct.

| W. Burton Putman | Nashville, TN | February 22, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event   __Trial__   __October 22, 2013__
                              Event        Date

## PETITIONING THE COURT

☒ No Action                    ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant           ☐ Other

THE COURT ORDERS:
☒ No Action
☐ The Issuance of a Warrant.
   ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____   _____
Date              Time

Considered and ordered this __22nd__ day of __February__, __2013__, and ordered filed and made a part of the records in the above case.

___John Bryant___
Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Mohamud, Bashir Yasin
Docket No. 3:10-00260-019
February 22, 2013

On June 15, 2012, the defendant, Bashir Yasin Mohamud, was released by Your Honor on a Personal Recognizance bond and pretrial services supervision. The defendant almost immediately returned to Minneapolis, Minnesota, and has since been under the courtesy pretrial supervision of the U.S. Pretrial Services Office in the District of Minnesota.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

A Petition for Action was submitted to the Court on October 15, 2012, when Pretrial Services discovered the defendant was in possession of a valid passport and refused to surrender the passport unless specifically ordered to do so by the Court. The petition recommended that the defendant's original release conditions be modified to include the following:

1. The defendant shall immediately surrender his passport to Pretrial Services.
2. The defendant shall not obtain a new passport during the pendency of this case.

As recommended, Your Honor ordered that the defendant's conditions be modified. The defendant subsequently surrendered his passport to Pretrial Services.

Secondly, the Petition for Action dated October 15, 2012, advised the Court that the defendant had failed to report for drug testing on August 11, 2012, and then again on September 22, 2012. As recommended by Pretrial Services, no formal action was taken by the Court regarding these two violations.

The purpose of the current petition is to report additional noncompliance recently committed by the defendant.

**VIOLATION(S):**

**Violation No. 1: Failure to abide by curfew restrictions:**

According to the defendant's pretrial services officer in the District of Minnesota, the defendant violated his location monitoring curfew on January 17, 2013, by arriving home 36 minutes late; on January 20, 2013, by arriving home 37 minutes late; on January 21, 2013, by being 57 minutes late; on January 22, 2013, by returning home 1 hour and 27 minutes late; on February 3, 2013, by arriving 1 hour and 22 minutes late; and on February 10, 2013, by being 9 minutes late. District of Minnesota policy requires officers to make immediate contact with defendants who violate location monitoring restrictions. After each curfew violation, the defendant's pretrial services officer attempted to reach the defendant on his cellular telephone. All calls were unsuccessful.

2

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Mohamud, Bashir Yasin
Docket No. 3:10-00260-019
February 22, 2013

The defendant was required to report to the pretrial services office in St. Paul, Minnesota, for a noncompliance meeting with his officer on February 6, 2013. He attributed his lack of transportation and rush hour traffic as reasons for his repeated violations of curfew. His hours of curfew have been extended by two hours as a sanction for the noncompliance. As reported above, since the noncompliance meeting with the pretrial services officer, the defendant has been late returning home on only one occasion and only by 9 minutes. He has appeared to return to compliance.

**Current Status of Case:**

According to PACER, the trial has been scheduled to begin before the Honorable William J. Haynes, Jr., Chief U.S. District Judge, on October 22, 2013.

**Probation Officer Action:**

This writer maintains ongoing contact with the U.S. Pretrial Services Office in Minneapolis, Minnesota, regarding Mr. Mohamud and his pretrial release. The defendant's pretrial services officer has made it very clear to the defendant that continued curfew violations will not be tolerated and any future violations could result in a hearing before Your Honor and possible revocation of bond.

**Respectfully Petitioning the Court as Follows:**

It is recommended that the Court take no formal action at this time and allow the defendant to remain on bond and on the same release conditions.

Both parties will be provided copies of this petition.

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Mohamud, Bashir Yasin
Docket No. 3:10-00260-019
February 22, 2013


Submitted by:

_____
W. Burton Putman
Supervising U. S. Probation Officer


Approved:

_____
Jim Perdue
Deputy Chief U.S. Probation Officer


Attachment: Order Setting Conditions of Release


cc:   Mr. Van Vincent, Assistant U.S. Attorney
      Mr. Bob Lynch, Defense Counsel

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

United States of America )
v. )
) Case No. 3:10-00260 (19)
Bashir Yasin Mohamud )
Defendant )

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* _____to be notified_____
                                                                Place

_____ on _____
                               Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.



DISTRIBUTION:  COURT  DEFENDANT  PRETRIAL  SERVICES  U.S. ATTORNEY  U.S. MARSHAL
Case 3:10-cr-00260  Document 2574  Filed 06/15/12  Page 1 of 3 PageID #: 13664
Case 3:10-cr-00260  Document 3084  Filed 02/22/13  Page 5 of 7 PageID #: 21549

RE: Mohamud, Bashir Yasin
Docket No. 3:10-cr-00260-19
<u>Special Conditions of Bond</u>

1. The defendant shall report to pretrial services as directed.

2. The defendant shall have all changes in residence and employment pre-approved by the pretrial services officer.

3. The defendant shall maintain or actively seek employment.

4. The defendant shall be subject to a curfew as directed by the pretrial services officer. During non-curfew hours, the defendant's activities away from his residence shall be restricted to pre-approved absences for gainful employment, attorney visits, religious services, medical care or treatment needs, and such other times as may be specifically authorized by the pretrial services office. Electronic monitoring, as directed by pretrial services, shall be used to monitor compliance. This condition is in compliance with 18 U.S.C. § 3142(c)(1)(B).

5. The defendant shall not travel outside of the District of Minnesota, except travel to and from the Middle District of Tennessee for attorney visits and required court appearances, without prior approval of the pretrial services office.

6. The defendant shall avoid all contact, directly or indirectly, with any persons who are or may become a victim or potential witness in the subject investigation or prosecution, including any family member of the alleged victims.

7. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.

8. The defendant shall submit to any method of testing required by the pretrial services officer or supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing.

9. The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services officer or supervising officer. The defendant shall pay all or part of the cost for substance abuse treatment if the United States Probation and Pretrial Services Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

10. The defendant is prohibited from possessing any firearms, dangerous weapons or other destructive devices.

11. The defendant shall notify the pretrial services officer within 72 hours of any law enforcement contact.

12. The defendant shall permit pretrial services officers to visit him anytime at his home or elsewhere without advance notification. The defendant also shall permit confiscation of any contraband observed in plain view of the pretrial services officer.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Bashir Mohamud ~~Rapps~~
*Defendant's Signature*

Minneapolis, MN
*City and State*

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: June 15, 2012

John Bryant
*Judicial Officer's Signature*

JOHN S. BRYANT, U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL